# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-1907V

| | |
|---|---|
| CLARE ARCHER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 17, 2025 |

*Nathan J. Marchese*, Siri & Glimstad, LLP, Los Angeles, CA, for Petitioner.

*James Connor Daughton*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 27, 2023, Clare Archer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration. Petition, ECF No. 1. On July 30, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 41.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed an interim and final application ("Motions") for attorney's fees and costs, requesting an award of $27,177.89 (representing $11,014.40 in fees and costs incurred by Petitioner's counsel of record: Nathan Marchese, Esq., plus $16,163.49 in fees and costs incurred by Petitioner's former counsel: Phyllis Widman, Esq.). See Final Application for Attorneys' Fees and Costs filed August 7, 2025 (ECF No. 45), and Interim Application, filed March 26, 2025 (ECF No. 31). Furthermore, Petitioner filed a signed statement representing that she incurred personal out-of-pocket expenses. ECF No. 30.

Respondent reacted to the interim and final motions, reporting that he is satisfied the statutory requirements for an award of *final* attorneys' fees and costs are met in this case but defers resolution of the amount to be awarded for both interim and final fees, to my discretion. Motions at 2-4, ECF No. 31 and ECF No. 46. Petitioner filed a reply requesting an award of fees and costs as indicated in the final motion. ECF No. 47.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl.

2

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested by Mr. Marchese and his supporting paralegals for all time billed in this matter are reasonable and consistent with our prior determinations and shall be awarded. However, Petitioner's former counsel, Phyllis Widman was awarded $450.00 for work performed in 2024, less than she is requesting herein. *See Fernandez* v. *Sec'y of Health & Hum. Servs.,* No. 22-719V, Slip Op. 40 (Fed. Cl. Spec. Mstr. February 26, 2025). I find no reason to deviate from such reasoned determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Thus, I hereby reduce Ms. Widman's 2024 rate accordingly. Application of the foregoing reduces the amount of fees to be awarded herein by **$240.00**.[3] For work performed in 2025, however, I find Ms. Widman's proposed rate of $480.00 appropriate and shall be adopted.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 29 at 14-17 and ECF No. 45-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motions for attorney's fees and costs. **Petitioner is awarded the total amount of $26,937.89**[4] **as follows:**

---

[3] This amount consists of reducing Phyllis Widman's 2024 hourly rate and is calculated as follows: ($480.00 - $450.00 = $30.00 x 8.00 hours billed by Ms. Widman in 2024) = $240.00 in fees to be reduced.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

- **A lump sum of $11,014.40**, representing reimbursement for final attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Nathan Marchese's IOLTA account for prompt disbursement; and

- **A lump sum of $15,923.49**, representing reimbursement for interim attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Phyllis Widman's IOLTA account for prompt disbursement.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4